James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiffs
CAROLYNN TAYMUREE and
ZOHRA RICHARDSON

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| CAROLYNN TAYMUREE, an individual, and ZOHRA RICHARDSON, an individual, | Case No. |
| Plaintiff, | COMPLAINT |
| | DEMAND FOR JURY TRIAL |
| v. | 15 United States Code § 1692 *et seq*. |
| ELECTRONIC DOCUMENT PROCESSING, INC., a California corporation; PRESCOTT WOODFORD, individually and in his official capacity; and DOES 1 through 10, inclusive, | California Civil Code § 1788 *et seq*. California Bus. & Prof. Code § 17200 |
| Defendants. | |
| _____/ | |

Plaintiffs, CAROLYNN TAYMUREE and ZOHRA RICHARDSON, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiffs or their attorney (which are alleged on personal knowledge), hereby make the following allegations:

<u>INTRODUCTION</u>

1. The Defendants in this case are process servers who, in an attempt to collect a debt, filed false proofs of service in a state court action.

2. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices

Act, California Civil Code section 1788 *et seq.* ("RFDCPA") for actual damages, statutory damages, attorney fees and costs brought by an individual consumer against process servers who engage in "sewer service."[1]

3. While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact serving or attempting to serve legal process, when someone who would otherwise qualify for the exemption goes beyond being merely being a messenger in serving process and engages in prohibited abusive or harassing activities to force an individual to repay a debt, the exemption no longer applies and the process server is subject to FDCPA liability.[2]

4. Therefore, the Defendants in this case - process servers that failed to serve court process entrusted to them and instead provide a perjured *Proof of Service of Summons* - are removed from the FDCPA's process server exemption.[3]

## JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

---

[1]

As explained in *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475 (D. Kan. 1994), the term "sewer service" originated in jurisdictions in which process could be served by professional process servers rather than public officials, and derived from those process servers [who] once followed a practice of disposing of process given to them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it." *Id.* at 480 n.5 (quoting 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.01[7][d] (2d ed. 1991)).

[2]

*Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), *citing Flamm v. Sarner & Assocs., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443, *5 (E.D. Pa. Nov. 2002)

[3]

*Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011)

<u>VENUE</u>

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

<u>INTRADISTRICT ASSIGNMENT</u>

8. This lawsuit should be assigned to the San Francisco - Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Contra Costa County.

<u>PARTIES</u>

9. Plaintiff CAROLYNN TAYMUREE ("TAYMUREE") is a natural person residing in Contra Costa County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of California Civil Code § 1788.2(h).

10. Plaintiff ZOHRA RICHARDSON ("RICHARDSON") is a natural person residing in Contra Costa County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of California Civil Code § 1788.2(h).

11. Defendant ELECTRONIC DOCUMENT PROCESSING, INC., dba EDP LEGAL SERVICES, INC. ("EDP") is a California corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection. EDP's principal place of business is located at 16700 Valley View Avenue, Suite 440, La Mirada, California 90638. EDP may be served at the address of its Agent for Service of Process which plaintiff is informed and believes is: Electronic Document Processing, Inc., c/o William Mitchell, Agent for Service of Process, 9160 Irvine Center Drive, Suite 200, Irvine, California 92618-4683. Plaintiffs are informed, believe and thereon allege, that

EDP is a corporation subject to the registration and other provisions found in California Bus. & Prof. Code §§ 22350-22360. Plaintiffs are informed, believe and thereon allege, that prior to manufacturing the *Proofs of Service of Summons* giving rise to this action (see Exhibits 1 & 2), EDP did not file or maintain a verified certificate of registration as a process server with the county clerk of the county in which EDP has its principal place of business, as required by California Bus. & Prof. Code section 22350. EDP is regularly engaged in the business of indirectly collecting consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. EDP regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. EDP is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c). EDP is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

12. Defendant PRESCOTT WOODFORD ("WOODFORD") is a natural person and is or was an employee and/or agent of EDP at all relevant times. WOODFORD is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection. Plaintiffs are informed, believe and thereon allege that WOODFORD is an individual subject to the registration and other provisions found in California Business & Professions Code sections 22350-22360. WOODFORD may be served at his current residence address which Plaintiffs are informed, believe and thereon allege the one listed on his Process Server Bond as 1239 Liberty Street, Apartment 214, El Cerrito, California 94530. WOODFORD is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. WOODFORD regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail,

telephone, internet, and civil debt collection lawsuits. WOODFORD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and California Civil Code § 1788.2(c). WOODFORD is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

13. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiffs will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiffs.

14. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including Contra Costa County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

15. Plaintiffs are informed, believe and thereon allege, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiffs' injuries, as herein alleged, were proximately caused by the conduct of Defendants.

16. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times

acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

17. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

18. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

19. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

20. At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

<u>JOINT VENTURE</u>

21. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their

property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

22. Specifically, Plaintiffs are informed, believe and thereon allege, that:

a. EDP is a California corporation engaged in the businesses of manufacturing and selling process server returns and other debt collection related activities in the State of California. Through the use of the U.S. Mail, telephone and the internet, EDP advertises and markets process service and other legal support services to attorneys, law firms, debt collectors, government agencies and the general public. EDP provides the telephones, facsimile machines, computers, software and other equipment, support staff and facilities used by WOODFORD and the enterprise for their process server return manufacturing activities. EDP composes the process server returns sold by the enterprise using its own computer systems and the data which is input into its computer systems via its websites (*e.g.* edplegal.com and onetouchlegal.com) by its customers, like Patenaude & Felix, and its process server agents, like WOODFORD. EDP also acts as the public face for the enterprise through its advertising, marketing, customer support and customer billing for the enterprise's services. EDP provided WOODFORD and the enterprise with its address and the marketing, customer billing, computers and other support infrastructure that was needed to manufacture and sell the *Proofs of Service of Summons* to Patenaude & Felix for use in the state court lawsuits against Plaintiffs. EDP provides advertising, marketing, address and its support staff, equipment and facilities to the enterprise and in return receives a share of the profits realized by the enterprise from their process server return manufacturing activities. Notwithstanding its use of EDP's address and telephone number on the process server returns manufactured and sold by the enterprise, Plaintiffs are informed, believe and thereon allege that EDP will not accept service of process for WOODFORD or any of its other process server agents, thereby acting

as a litigation shield should one of its process server agents be sued for their unlawful activities.

b. According to the *Proofs of Service of Summons* (Exhibits 1 & 2), WOODFORD was registered as a process server in San Francisco County at the time the summonses and complaints were allegedly served in this case. Defendant WOODFORD lent his name, facsimile signature and the apparent legitimacy of his process server registration number to the enterprise for use on the *Proofs of Service of Summons* (Exhibits 1 & 2) that were manufactured and sold to Patenaude & Felix and used in the state court lawsuit against Plaintiffs. Without WOODFORD and others holding themselves out as registered process servers and the apparent legitimacy of their registration numbers, EDP could not market and sell process server returns like the *Proofs of Service of Summons* that were manufactured and sold to Patenaude & Felix for use in the state court case against Plaintiffs. WOODFORD and other alleged registered process servers provide the facial legitimacy of their purported process server registrations to the enterprise and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities.

23. Plaintiffs are informed, believe and thereon allege, that process server services are an integral part of EDP's business and that EDP could not offer such services without its process server agents, like WOODFORD.

<u>AIDING AND ABETTING</u>

24. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, EDP aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by WOODFORD.

25. Plaintiffs are  informed, believe and thereon allege, that EDP marketed its *Proof of Service of Summons* product to law firms, debt collectors, government agencies and the general public, including Patenaude & Felix, as a legitimate and lawful service. Plaintiffs are informed, believe and thereon allege, that EDP

represented or implied in its advertising, marketing and other materials that EDP would ensure that the official court process entrusted to it would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiffs.

26. Plaintiffs are informed, believe and thereon allege, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, EDP enlisted WOODFORD and other process server agents to manufacture process server returns - like the *Proofs of Service of Summons* that were sold to Patenaude & Felix and used in the state court lawsuit against the Plaintiffs in this case.

27. Plaintiffs are informed, believe and thereon allege, that EDP willingly, knowingly and intentionally fails to place its name and process server registration number (if it has one) on the process server returns manufactured by WOODFORD and other process servers with the intent to misrepresent the true nature of the services being provided by EDP and its process servers, like WOODFORD, and the joint responsibility of EDP and WOODFORD, pursuant to California Business & Professions Code section 22356. Moreover, Plaintiffs are informed, believe and thereon allege, that EDP willingly, knowingly and intentionally withheld its name and process server registration number from the *Proofs of Service of Summons* that were sold to Patenaude & Felix and used in the state court lawsuit against the Plaintiffs in this case (a violation of California Business & Professions Code section 22356.5, subd. (a)) with the intent to deceive the Plaintiffs and the Superior Court of California. By providing process servers, like WOODFORD, with its business address and telephone number for use on the process server returns that the enterprise manufactures and sells (like the *Proofs of Service of Summons* that were sold to Patenaude & Felix, and used in the state court lawsuit against the Plaintiffs in this case), and by intentionally withholding its name and process server registration number (if it has one), EDP aided and abetted the fraud, perjury,

breach of official duty and other wrongful acts committed by WOODFORD against the Plaintiffs.

28. Plaintiffs are informed, believe and thereon allege, that EDP authorizes, uses, and ratifies the use of its address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like WOODFORD, from service of process should they be sued for their unlawful activities. Notwithstanding its use of EDP's address and telephone number on the process server returns manufactured and sold by the enterprise, plaintiffs are informed and believe and thereon allege that EDP will not accept service of process for WOODFORD or any of its other process server agents when service of process is attempted at the address provided on their *Proof of Service of Summons* documents.

29. Plaintiffs are informed, believe and thereon allege, that EDP maintains digital facsimile signatures of its process server agents, including WOODFORD, within its computer systems. EDP uses these digital facsimile signatures in its process server return manufacturing activities. By its use of digital facsimile signatures, EDP is able to efficiently manufacture process server returns which facially appear to have been signed by its process server agents, but which were never actually signed under penalty of perjury as required by California law.

30. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, EDP knew that fraud, perjury, breach of official duty and other wrongful acts were being committed by WOODFORD against the Plaintiffs and others. In fact, EDP gave substantial assistance and encouragement to WOODFORD by producing fully completed *Proof of Service of Summons* documents which contain WOODFORD's facsimile signature and EDP's address and telephone number instead of WOODFORD's address and telephone number. Plaintiffs are informed, believe and thereon allege, that neither WOODFORD or

any of EDP's other process server agents actually sign the completed *Proof of Service of Summons* documents sold by EDP.

31. Plaintiffs are informed, believe and thereon allege, that at all relevant times alleged in this Complaint, EDP effectively controlled its process server agents, including WOODFORD, by *inter alia*:

a. choosing which assignments each process server agent will receive (i.e., controlling what work must be performed by a specific individual);

b. requiring personal performance of the tasks assigned to its process server agents (i.e., controlling what work must be preformed by a specific individual);

c. forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling what work must be performed by a specific individual);

d. requiring the use of GPS tracking devices for its process server agents (i.e., controlling what tools and equipment must be used to perform the assigned tasks);

e. requiring detailed real-time reporting to EDP of all service attempts made by its process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports);

f. requiring the use of EDP's computer systems and software for the performance of its process server agents' assigned duties (i.e., controlling what tools and equipment must be used to perform the assigned tasks and the manner in which the assigned tasks are performed); and

g. requiring its process server agents to maintain specified minimum automobile liability insurance and professional liability insurance coverage, that EDP be named as an additional insured in all such insurance policies, and requiring immediate notification from its process server agents should said

insurance policies be canceled or not renewed (i.e., controlling business practices and decisions).

32. Plaintiffs are informed and believe and thereon allege that through the use of the GPS tracking devices all EDP process server agents are required to carry, and the real-time reporting and tracking data that these devices provide, EDP is able to track in real-time the movements of all its process server agents.

33. EDP's conduct was a substantial factor in causing the harm to Plaintiffs. EDP should be held responsible as an aider and abettor for the fraud, breach of official duty and other wrongful acts committed by WOODFORD against the Plaintiffs.

<u>RATIFICATION</u>

34. Plaintiffs are informed, believe and thereon allege, that EDP is responsible for the harm caused by WOODFORD's unlawful conduct because EDP approved WOODFORD's unlawful conduct after it occurred.

35. Plaintiffs are informed, believe and thereon allege, that WOODFORD intended to act on behalf of EDP when he provided EDP with a digital facsimile of his signature with the knowledge that EDP would use his digital signature on process server returns.

36. Plaintiffs are informed, believe and thereon allege, that WOODFORD intended to act on behalf of EDP when he accepted the assignment from EDP to serve the state court process on Plaintiffs.

37. Plaintiffs are informed, believe and thereon allege, that WOODFORD intended to act on behalf of EDP when he subsequently failed to serve the state court process on Plaintiffs that had been entrusted to him and instead provided false and fraudulent information to EDP regarding the completion of his assignment.

38. Plaintiffs are informed, believe and thereon allege, that EDP learned of WOODFORD's failure to faithfully serve the state court process that EDP had entrusted to him after it occurred.

39. Plaintiffs are informed, believe and thereon allege, that EDP approved WOODFORD's unlawful conduct by voluntarily keeping the benefits of WOODFORD's unlawful conduct after learning of the conduct.

40. Plaintiffs are informed, believe and thereon allege, that EDP approved WOODFORD's unlawful conduct as alleged in this case by continuing to employ WOODFORD and continuing to assign process server assignments to WOODFORD after learning that WOODFORD had engaged in sewer service.

41. As a result of EDP's ratification of WOODFORD's unlawful conduct, EDP is liable to Plaintiffs for all damages alleged in this case.

<u>NONDELEGABLE DUTY</u>

42. California Business and Professions Code section 22356 provides as follows:

> A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

43. By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure that process server agencies like EDP faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

44. Plaintiffs are informed, believe and thereon allege, that WOODFORD was acting within the course and scope of his agency relationship with EDP at all times alleged in this Complaint.

45. EDP had a nondelegable duty to Plaintiffs to ensure that the state court process entrusted to it was faithfully served on Plaintiffs and that its agents did not engage in sewer service.

46. Because EDP could not delegate to WOODFORD its duty to faithfully and honestly serve Plaintiffs with the state court process entrusted to it, EDP is liable to Plaintiffs for all damages alleged in this case.

<u>FACTUAL ALLEGATIONS</u>

47. In or about 2007, Plaintiffs are alleged to have incurred a financial obligation, namely a student loan. The alleged debts were incurred primarily for personal, family or household purposes and are each therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

48. Plaintiffs are informed and believe, and thereon allege, that sometime thereafter on a date unknown to Plaintiffs, the alleged debts were consigned, sold or otherwise transferred to another entity.

49. Plaintiffs are informed and believe, and thereon allege, that sometime thereafter on a date unknown to Plaintiff, Patenaude & Felix, APC, was hired as counsel for an entity known as "National Collegiate Student Loan Trust 2007-2" to collect the debt from Plaintiff.

50. Plaintiffs are informed and believe, and thereon allege that on or about August 26, 2015, Patenaude & Felix prepared lawsuits against Plaintiffs to be filed in the Superior Court of Contra Costa County, captioned *National Collegiate Student Loan Trust 2007-2 v. Carolynn Swanson, Zohra Taymuree, et al.*, ("the state court action"), in an attempt to collect the alleged debt. Plaintiff TAYMUREE was sued as "Carolynn Swanson" and plaintiff RICHARDSON was sued as "Zohra Taymuree."

51. Plaintiffs are informed and believe, and thereon allege that Patenaude & Felix thereafter engaged EDP to file the lawsuits, obtain issuance of summonses, and then duly and faithfully serve legal process in the state court action upon Plaintiffs, by delivering to Plaintiffs copies of the state court Summons and Complaints. EDP caused the lawsuit to be filed with the Clerk of the Superior Court

and obtained issuance of the summons on October 5, 2015. The state court action was assigned case number L15-03043.

52. Plaintiffs are informed and believe, and thereon allege that on or about November 2 or November 3, 2015, EDP composed two documents entitled *Proof of Service of Summons* in which Defendants represented, under penalty of perjury, that WOODFORD had served Plaintiffs with copies of the "SUMMONS AND COMPLAINT, EXHIBIT A, DECLARATION RE VENUE, CIVIL CASE COVER SHEET AND CASE MANAGEMENT STATEMENT" in the state court action on October 22, 2015, at 12:50 p.m. by substitute service. Thereafter, EDP caused the *Proofs of Service of Summons* as to Plaintiffs in the case to be filed on November 17, 2015. True and correct copies of the *Proofs of Service of Summons* filed in the state court action are attached hereto, marked as Exhibits 1 & 2, and by this reference are incorporated herein.

53. Despite the representations made by Defendants in their *Proofs of Service of Summons* (Exhibits 1 & 2), Plaintiffs were not served by substitute service, or otherwise, with copies of the Summons and Complaint in the state court action. The *Proofs of Service of Summons* document composed by EDP appear to be facially valid. Indeed, EDP's very purpose is to pass facial review, hoping the fraud goes undetected until a default judgment has been entered.

54. Plaintiffs are informed and believe, and thereon allege that the address used on the *Proofs of Service of Summons* (Exhibits 1 & 2), (i.e., 16700 Valley View Avenue, Ste 440, La Mirada, CA 90638) is the business address of EDP and not the address of WOODFORD as represented in the document.

55. Plaintiffs are informed and believe, and thereon allege that the telephone number used on the *Proofs of Service of Summons* (Exhibits 1 & 2), (i.e., (800)225-5337) is the business telephone number of EDP and not the telephone number of WOODFORD as represented in the document.

56. Plaintiffs are informed and believe, and thereon allege that the *Proofs of Service of Summons* (Exhibits 1 & 2) bear the facsimile signature of WOODFORD. Plaintiffs are informed and believe, and thereon allege that WOODFORD provided EDP with his facsimile signature for use on process server returns and that EDP used WOODFORD's facsimile signature to produce the *Proofs of Service of Summons* (Exhibits 1 & 2) in this case.

57. Plaintiffs are informed and believe, and thereon allege that Defendants, acting together, knowingly and willfully composed and sold Patenaude & Felix the *Proofs of Service of Summons* (Exhibits 1 & 2) containing false statements regarding their service of court process in the state court action.

58. According to the *Proofs of Service of Summons* (Exhibits 1 & 2), Defendants, acting together, sold the process server returns to Patenaude & Felix for $67.50 each.

59. The *Proofs of Service of Summons* (Exhibits 1 & 2) indicate that Plaintiffs were served at 115 San Tomas Drive in Pittsburg, California, on October 22, 2015. However, neither plaintiff resided at or used that address at that time.

60. Sometime on or after October 23, 2015, plaintiff RICHARDSON was informed by her former landlord that the current occupants of 115 San Tomas Drive in Pittsburg were contacted by a process server and that papers were left for plaintiffs at RICHARDSON's former address at 115 San Tomas Drive. Plaintiff RICHARDSON did not actually receive copies of the papers until several days after October 23, 2015.

61. Sometime after November 17, 2015, Plaintiff TAYMUREE discovered that Defendants had composed and filed their false *Proofs of Service of Summons* (Exhibits 1 & 2). Plaintiff TAYMUREE later learned that Defendants' *Proofs of Service of Summons* (Exhibits 1 & 2) represented that she and Plaintiff RICHARDSON had purportedly been served with a copy of the state court Summons and Complaint by leaving a copy of the papers with "'JOHN DOE"

MALE 46 YRS BLACK HAIR 170 LBS 5'10" OCCUPANT BROWN EYES AMER/INDIAN at 115 SAN TOMAS DR PITTSBURG, CA 94565.

62. As a result, plaintiffs did not discover that defendants filed false proofs of service until after November 17, 2015. [4]

63. Plaintiffs are informed and believe, and thereon allege, that the occupants at RICHARDSON's former address at 115 San Tomas Drive attempted to decline receipt of the summonses and complaints, and informed defendant WOODFORD more than once that neither of the people listed in the summons and complaint resided at the address. As a result, defendant WOODFORD knew that neither of the people listed in the summons and complaint resided at the address.

64. In fact, neither plaintiff TAYMUREE nor RICHARDSON resided at 115 San Tomas Drive on October 22, 2015. As a result, neither plaintiff was served by substitute service.

65. On or about November 19, 2015, Plaintiffs filed a motion to quash service of the summons as described in Defendants' false *Proofs of Service of Summons* (Exhibits 1 & 2), in Contra Costa County Superior Court. The motion was unopposed and granted on December 17, 2015.  The written order was entered on December 31, 2015.

## EDP's Business Practices

66. Plaintiffs are informed and believe, and thereon allege that EDP composes and sells process server returns, like the *Proofs of Service of Summons* (Exhibits 1 & 2) in this case, on a flat rate or fixed fee basis. Plaintiffs are informed and believe, and thereon allege that EDP pays its process servers using a similar flat rate or fixed fee compensation system. Plaintiffs are informed and believe, and thereon allege that EDP will pay WOODFORD and other process servers only for service attempts that are reported as completed and will pay substantially less or

---

[4]    *Lyons v. Michael & Associates* (9th Cir. 2016) 824 F.3d 1169, 1173; *Mangum v. Action Collection Service, Inc.* (9th Cir. 2009) 575 F.3d 935, 940.

nothing at all for service that is not reported as completed. Because EDP's process servers are not paid for unsuccessful service attempts, process servers like WOODFORD have a strong financial incentive to falsify process server returns. Plaintiffs are informed and believe, and thereon allege that EDP knowingly promotes the use of false process server returns through its flat rate or fixed fee compensation system.

67. Plaintiffs are informed and believe, and thereon allege that EDP charges substantially less than the published rates of many of its San Francisco Bay Area competitors for process server services. Plaintiffs are informed and believe, and thereon allege that EDP's lower market rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers. Such business practices create a race to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business. The result of these anti-competitive business practices is more false process server returns from all process server agencies. Plaintiffs are informed and believe, and thereon allege that EDP effectively sells sewer service, by underbidding the true costs of proper service.

68. Debt collection law firms and debt buyers benefit from the sewer service provided by unscrupulous process servers like the Defendants in this case. By not actually serving consumer debt defendants, debt collection firms and debt buyers are able to generate thousands of judgments by default on cases where they could never prevail on the merits. Once default judgments are fraudulently obtained, they are used to levy consumer's bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

69. Plaintiffs are informed and believe, and thereon allege that Defendants violate California Code of Civil Procedure section 417.10 in composing and selling perjured *Proofs of Service of Summons* such as Exhibits 1 & 2.

70. Pursuant to California Evidence Code section 647, the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return." The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. Defendants' composition and sale of perjured process server returns, like the *Proofs of Service of Summons* (Exhibits 1 & 2) in this case, is facilitated and aided by the evidentiary presumption California law provides to faithful process servers. In fact, Defendants in this case are perversely protected by and rely on the extreme procedural and evidentiary burdens that are imposed on litigants who are the victims of sewer service. Such litigants are faced with the nearly impossible burden of providing strong and convincing evidence of non-service. Because a mere allegation that process was not served, without some additional showing of evidence is insufficient to refute the validity of an affidavit of service, victims of sewer service, like Plaintiff in this case, are ultimately required to prove a negative; they must prove that an event never occurred and their own sworn testimony of non-service is often not enough to meet their evidentiary burden. Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly reprehensible.

71. Plaintiffs are informed and believe, and thereon allege, that Defendants have composed and sold false and misleading *Proof of Service of Summons* documents in the form of Exhibit 1 more than 40 times in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

CLAIMS

FAIR DEBT COLLECTION PRACTICES ACT

72. Plaintiffs bring the first claim for relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

73. Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

74. Plaintiff TAYMUREE is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

75. Plaintiff RICHARDSON is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

76. Defendant EDP is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

77. Defendant EDP is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

78. Defendant WOODFORD is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

79. Defendant WOODFORD is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

80.  The financial obligation sought to be collected from Plaintiffs in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

81. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling fraudulent *Proofs of Service of Summons* that falsely stated that Plaintiffs were served with a Summons and Complaint when in fact they were not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of California Bus. & Prof. Code § 22356.5(a), with the intent to deceive;[5]

d. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of California Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of California Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to California Bus. & Prof. Code § 22356; and

f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

82. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

83. As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

<u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

84. Plaintiffs bring the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

85. Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

---

[5] *Holmes v. Electronic Document Processing, Inc.* (N.D. Cal. 2013) 966 F.Supp.2d 925, 934.

86. Plaintiff TAYMUREE is a "debtor" as that term is defined by the RFDCPA, California Civil Code § 1788.2(h).

87. Plaintiff RICHARDSON is a "debtor" as that term is defined by the RFDCPA, California Civil Code § 1788.2(h).

88. Defendant EDP is a "debt collector" as that term is defined by the RFDCPA, California Civil Code § 1788.2(c).

89. Defendant WOODFORD is a "debt collector" as that term is defined by the RFDCPA, California Civil Code § 1788.2(c).

90. The financial obligation sought to be collected from Plaintiffs in the state court action is a "consumer debt" as that term is defined by the RFDCPA, California Civil Code § 1788.2(f).

91. Defendants violated the RFDCPA, California Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling fraudulent *Proofs of Service of Summons* that falsely stated that Plaintiffs were served with Summonses and Complaints when in fact they were not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of California Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

d. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of California Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

e. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of California Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to California Bus. & Prof. Code § 22356; and

f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

92. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiffs to pay the alleged debt, within the meaning of California Civil Code § 1788.30(b).

93. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of actual damages in an amount to be determined at trial, pursuant to California Civil Code § 1788.30(a).

94. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiffs are each entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to California Civil Code § 1788.30(b).

95. As a result of Defendants' violations of the RFDCPA, Plaintiffs are each entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to California Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A)).

96. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to California Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

97. Pursuant to California Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200

98. Plaintiffs bring the third claim for relief against Defendants for their unlawful business acts and/or practices pursuant to California Business and Professions Code § 17200 et seq., which prohibits all unlawful business acts and/or practices.

99. Plaintiffs incorporate all paragraphs in this Complaint as though fully set forth herein.

100. The unlawful acts and practices of Defendants alleged above constitute unlawful business acts and/or practices within the meaning of California Business and Professions Code § 17200 *et seq.*

101. By engaging in the above-described acts and practices, Defendants have committed one or more acts of unfair competition within the meaning of California Business and Professions Code § 17200 *et seq.*

102. Defendants' unlawful business acts and/or practices as alleged herein have violated numerous laws and/or regulations and said predicate acts are therefore per se violations of § 17200 *et seq.* These predicate unlawful business acts and/or practices include Defendants' composition and sale of perjured *Proofs of Service of Summons* (Exhibits 1 & 2), in violation of California Code of Civil Procedure § 417.10. Additionally, as described in more detail above, Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10), 1692f and California Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by:

a. Manufacturing and selling a fraudulent *Proof of Service of Summons* that falsely stated that Plaintiffs were served with Summonses and Complaints when in fact they were not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts;

c. Knowingly and intentionally withholding their true names and process

server registration numbers from process server returns, in violation of California Bus. & Prof. Code § 22356.5(a), with the intent to deceive;

      d. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of California Bus. & Prof. Code § 22356.5(a), with the intent to misrepresent the true nature of the services being provided;

      e. Knowingly and intentionally withholding their true names and process server registration numbers from process server returns, in violation of California Bus. & Prof. Code § 22356.5(a), with the intent to conceal and obscure their joint responsibility for service of process irregularities pursuant to California Bus. & Prof. Code § 22356; and

      f. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

103. Defendants' misconduct, as alleged herein, gives Defendants an unfair competitive advantage over their competitors.

104. The unlawful acts and practices, as fully described herein, present a continuing threat to members of the public to be misled and/or deceived by Defendants as described herein. Plaintiffs and other members of the general public have no other remedy at law that will prevent Defendants' misconduct, as alleged herein, from occurring and/or reoccurring in the future.

105. As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiffs have sustained actual pecuniary loss in that they were required to hire an attorney to move to quash service of the summons. Plaintiffs are direct victims of Defendants' unlawful conduct, as alleged herein, have suffered an injury in fact and have lost money or property as a result of Defendants' violations of the FDCPA, the RFDCPA, and Defendants' unfair competition.

106. As a direct and proximate result of Defendants' unlawful conduct alleged herein, Plaintiff has sustained actual pecuniary loss in that she was

required to pay court filing fees and she incurred attorney fees for the filing of motions to quash service of the summons. Plaintiff is a direct victim of Defendants' unlawful conduct, as alleged herein, has suffered an injury in fact and has lost money or property as a result of Defendants' violations of the FDCPA, the RFDCPA, and Defendants' unfair competition.

107. Plaintiffs have other outstanding debts owed to creditors for which suit may be filed in state court to collect such amounts. Plaintiffs are informed and believes and thereon alleges that those creditors or debt buyers who may purchase the outstanding debts will file lawsuits in an attempt to collect on the outstanding debts. As a result, plaintiffs have a reasonable threat of facing future debt collection efforts.

108. Plaintiff is informed and believes and thereon alleges that Defendant EDP is engaged in long-term contracts with law firms in California who are routinely hired to file lawsuits to collect defaulted debt. Plaintiff alleges on information and belief that EDP's share of the process server market is such that if plaintiffs were sued again, there is a reasonable likelihood that the creditor's attorneys would employ EDP to serve the summons. Given the allegations of paragraphs 66 through 71 above, describing EDP's routine and deliberate practices, plaintiffs face a credible threat of being subjected to EDP's practices in the future.

109. In fact, attempts to serve summonses in the underlying state court collection case occurred again in October 2016, with a process server repeatedly attempting to serve process on Plaintiff RICHARDSON at an address at which she does not reside.  Plaintiffs are informed and believe, and thereon allege, that EDP is behind these service attempts and that in addition to the failure to serve plaintiff at the proper address, the proof of service of summons which is later filed with the court will not comply with Business & Professions Code section 22356.5(a).

110. As a result of the foregoing, Plaintiffs are entitled to declaratory relief and a permanent injunction enjoining Defendants from their unlawful activity.

<u>REQUEST FOR RELIEF</u>

Plaintiffs request that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d) Award each Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and California Civil Code § 1788.30(a);

e) Award each Plaintiff statutory damages in an amount not exceeding $1,000 each, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award each Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 in favor of each Plaintiff, and against each Defendant, pursuant to California Civil Code § 1788.30(b);

g) Award each Plaintiff statutory damages in an amount not exceeding $1,000 per plaintiff, against each Defendant, pursuant to California Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

h) Enter a mandatory injunction requiring Defendants to permanently cease all unlawful practices complained of in this action and impose affirmative injunctive relief requiring Defendants, their partners, agents, employees and all persons acting in concert or participating with them, to take affirmative action to immediately implement policies designed to ensure: (i) that no process server returns contain false information, (ii) that all Defendants' process server returns comply fully with California Bus. & Prof. Code § 22356.5(a), (iii) that a monitoring system for process servers be implemented and maintained, (iv) training and testing all of Defendants' employees and agents regarding applicable service of process laws, (v) a reporting system be made available to Defendants' customers

for reporting suspected service of process irregularities, and (vi) the institution of a disciplinary system that will investigate and immediately discipline, up to and including termination, any employee or agent that has been found to engage in sewer service;

i) Award Plaintiffs the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)) and 1788.30(c); and

j) Award Plaintiffs such other and further relief as may be just and proper.

DATED: October 24, 2016             _____/s/ James A. Michel_____
                                                        JAMES A. MICHEL
                                                        State Bar No. 184730
                                                        2912 Diamond St #373
                                                        San Francisco CA 94131
                                                        Tel. # 415/ 239-4949
                                                        Email: attyjmichel@gmail.com

                                                        Attorney for Plaintiffs
                                                        CAROLYN TAYMUREE and
                                                        ZOHRA RICHARDSON

<u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiffs CAROLYNN TAYMUREE and ZOHRA RICHARDSON hereby demand a trial by jury of all triable issues of fact in the above-captioned case.

DATED: October 24, 2016             _____/s/ James A. Michel_____
                                                        JAMES A. MICHEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

POS-010

| | |
|---|---|
| LAW OFFICES OF PATENAUDE & FELIX, A.P.C.<br>Michael R. Boulanger, Esq. (#226294)/ Michael Kahn (#236898)<br>Stephanie J. Boone, Esq. (#160182)/ Jeffrey W. Speights (#265206)<br>4545 Murphy Canyon Road, 3rd Floor<br>San Diego, CA 92123<br>    Telephone No.:   (858)244-7600          Fax No.:   (858) 836-0318<br>ATTORNEY FOR:       PLAINTIFF | F I L E D<br>NOV 17 2015<br>STEPHEN H. NASH CLERK OF THE COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>_____, Deputy Clerk<br>A. Cardinale |

Court:   SUPERIOR COURT COUNTY OF CONTRA COSTA, MARTINEZ COURTHOUSE,

| | |
|---|---|
| Case Title:      NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, a Delaware<br>                 Statutory Trust(s)  V  ZOHRA TAYMUREE<br>                         PROOF OF SERVICE OF SUMMONS | Case No.: L15-03043 |
| | File No.: 15-20201 |
| Hearing Date:                                    Time: | Ref.: |

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of the:

SUMMONS AND COMPLAINT, EXHIBIT A, DECLARATION RE VENUE, CIVIL CASE COVER SHEET, CASE
MANAGEMENT STATEMENT

3.   a. Party Served:     ZOHRA TAYMUREE

     b. Person Served

4.   Address where party was served:          115 SAN TOMAS DR
                                              PITTSBURG, CA 94565

5.   I served the Party
     b. by substituted service. On (date)     10/22/15  at (time)        12:50 PM
     I left the documents listed in item 2 with or in the presence of : "JOHN DOE"
     MALE  46 YRS  BLACK HAIR  170 LBS  5'10"  OCCUPANT BROWN EYES AMER/INDIAN

     (2) (Home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode
     of the party. I informed him or her of the general nature of the papers.

     (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents listed in item 2 to the person to be served
     at the place where the copies were left (Code Civ. Proc.,415.20).  I mailed the documents on
           (1)  On (date):                  (2)  From (city):
           or ☒ a declaration    of mailing is attached

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
     a.   as an Individual Defendant

7.   Person who served papers                    d.    The fee for service was : $67.50
     P. WOODFORD                                 e.    I am: Registered California Process Server:
     16700 VALLEY VIEW AVENUE, STE 440                  (ii) Registration No.: 2012-0001257
     LA MIRADA, CA 90638                                (iii) County:  SAN FRANCISCO
     (800)225-5337

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


     Date     November 2, 2015                          Signature _____

Form Adopted for Mandatory Use
Judicial Council of California POS-010 [REV. JANUARY 1, 2007]                    PROOF OF SERVICE OF SUMMONS

20151102

LAW OFFICES OF PATENAUDE & FELIX, A.P.C.

Michael R. Boulanger, Esq. (#226294)/ Michael Kahn (#236898)

Stephanie J. Boone, Esq. (#160182)/ Jeffrey W. Speights (#265206)

4545 Murphy Canyon Road, 3rd Floor

San Diego, CA 92123

Telephone No.: (858)244-7600

ATTORNEY FOR:   PLAINTIFF

| DECLARATION | SUPERIOR COURT COUNTY OF CONTRA COSTA, MARTINEZ COURTHOUSE |
|---|---|
| RE DILIGENCE | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, a Delaware Statutory Trust(s)   V   ZOHRA TAYMUREE |

CASE NO.: L15-03043

FILE NO.: 15-20201

On 10/08/2015, I received the following documents:

SUMMONS AND COMPLAINT, EXHIBIT A, DECLARATION RE VENUE, CIVIL CASE COVER SHEET, CASE MANAGEMENT STATEMENT, ALTERNATIVE DISPUTE RESOLUTION NOTICE AND INFORMATION PACKAGE, CASE QUESTIONNAIRE,

For service on          ZOHRA TAYMUREE

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action. After due search, careful inquiry and diligent attempts at the dwelling house or usual place of abode and/ or usual place of mailing. I have been unable to make personal service of aforementioned documents (Pursuant to CCP 415.20).

| Date | Time | Address | | Comment |
|---|---|---|---|---|
| 10/11/15 | 09:35 AM | 115 SAN TOMAS DR | | NO RESPONSE |
| | | PITTSBURG | CA 94565 | |
| 10/12/15 | 01:57 PM | 115 SAN TOMAS DR | | NO RESPONSE |
| | | PITTSBURG | CA 94565 | |
| 10/17/15 | 08:17 PM | 115 SAN TOMAS DR | | NO RESPONSE |
| | | PITTSBURG | CA 94565 | |
| 10/22/15 | 12:50 PM | 115 SAN TOMAS DR | | PERSON AT PLACE WHERE SUBJECT RECEIVES MAIL |
| | | PITTSBURG | CA 94565 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   November 2, 2015                     Signature: _____

P. WOODFORD

DECLARATION OF DUE DILIGENCE

20151102

| PLAINTIFF/PETITIONER: | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | DELAWARE STATUTORY TRUST(S)<br>ZOHRA TAYMUREE | L15-03043 |

## PROOF OF SERVICE

[X] **Mail**        [ ] **Personal Service**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. My residence or business is *(specify)*:   (BUSINESS) 16700 Valley View Ave., Suite 440
   La Mirada, CA 90638
   (800) 225-5337

3. I mailed or personally delivered a copy of the *SUMMONS AND COMPLAINT; EXHIBIT A; DECLARATION RE VENUE; CIVIL CASE COVER SHEET; CASE MANAGEMENT STATEMENT; ALTERNATIVE DISPUTE RESOLUTION NOTICE AND INFORMATION PACKAGE; CASE QUESTIONNAIRE*
   as follows *(complete either a or b)*:

   a. [X]   **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope, to be sent by FIRST CLASS MAIL, AND

      (a) [ ]   **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.

      (b) [X]   **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with the business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with First-class, postage prepaid.

      (2) The envelope was addressed and mailed as follows:
      (a) Name of person served:   ZOHRA TAYMUREE

      (b) Address on envelope:      115 SAN TOMAS DR
                                     PITTSBURG, CA 94565

      (c) Date mailed:       10/23/2015
      (d) Place of mailing *(city and state)*:  La Mirada, CA 90638

   b. [ ]   **Personal delivery** I personally delivered a copy as follows:

      (1) Name of person served:
      (2) Address when delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  11/03/2015

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

File By Fax

Code of Civil Procedure, 417.10
*www.accesslaw.com*

Client:      Patenaude & Felix
Prep By:
Control No.:
File No.:       15-20201
Case No.:       L15-03043
Hearing Date:

**Service Report**
SOP # 1510083728

---

Case Title:  NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, a Delaware Statutory Trust(s)   V   ZOHRA TAYMUREE

Name:       ZOHRA TAYMUREE
Address:    115 SAN TOMAS DR
            PITTSBURG, CA 94565

---

Documents:       SUMMONS AND COMPLAINT, EXHIBIT A, DECLARATION RE VENUE, CIVIL CASE COVER SHEET, CASE
                 MANAGEMENT STATEMENT, ALTERNATIVE DISPUTE RESOLUTION NOTICE AND INFORMATION
                 PACKAGE, CASE QUESTIONNAIRE,

Court:           SUPERIOR COURT COUNTY OF CONTRA COSTA, MARTINEZ COURTHOUSE

Description:

    MALE      46 YRS      BLACK HAIR      170 LBS      5'10" BROWN EYES AMER/INDIAN

---

**Report**

---

Type: Sub-serve
Person Sub Served:  "JOHN DOE"- OCCUPANT
Date: 10/22/15
Time: 12:50 PM
Mailing Date:  10/23/2015
Remarks:

---

Fee for Service: $ 67.50

20151102

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 2

POS-010

| | |
|---|---|
| LAW OFFICES OF PATENAUDE & FELIX, A.P.C.<br>Michael R. Boulanger, Esq. (#226294)/ Michael Kahn (#236898)<br>Stephanie J. Boone, Esq. (#160182)/ Jeffrey W. Speights (#265206)<br>4545 Murphy Canyon Road, 3rd Floor<br>San Diego, CA 92123<br>Telephone No.:   (858)244-7600        Fax No.:   (858) 836-0318<br>ATTORNEY FOR:        PLAINTIFF | FILED<br>NOV 17 2015<br>STEPHEN H. NASH CLERK OF THE COURT<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>COUNTY OF CONTRA COSTA<br>By_____ Deputy Clerk |

Court:   SUPERIOR COURT COUNTY OF CONTRA COSTA, MARTINEZ COURTHOUSE

| | |
|---|---|
| Case Title:     NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, a Delaware<br>                       Statutory Trust(s) V CAROLYNN SWANSON<br>                       PROOF OF SERVICE OF SUMMONS | Case No.: C15-01943 |
| | File No.: 15-20201 |
| Hearing Date:                                      Time:                         | Ref.: |

1.   At the time of service I was at least 18 years of age and not a party to this action.

2.   I served copies of the:
     SUMMONS AND COMPLAINT, EXHIBIT A, DECLARATION RE VENUE, CIVIL CASE COVER SHEET, CASE
     MANAGEMENT STATEMENT

3.   a. Party Served:      CAROLYNN SWANSON

     b. Person Served:

4.   Address where party was served:              115 SAN TOMAS DR
                                                                      PITTSBURG, CA 94565

5.   I served the Party
     b. by substituted service. On (date)        10/22/15   at (time)           12:50 PM
     I left the documents listed in item 2 with or in the presence of : "JOHN DOE"
     MALE 46 YRS BLACK HAIR 170 LBS 5'10" OCCUPANT BROWN EYES AMER/INDIAN

     (2) (Home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode
     of the party. I informed him or her of the general nature of the papers.

     (4) I thereafter mailed (by first-class, postage prepaid) copies of the documents listed in item 2 to the person to be served
     at the place where the copies were left (Code Civ. Proc.,415.20). I mailed the documents on
                    (1)  On (date):                              (2)  From (city):
                    or ☒ a declaration    of mailing is attached

6.   The "Notice to the Person Served" (on the summons) was completed as follows:
     a.   as an Individual Defendant

7.   Person who served papers                                    d.     The fee for service was : $67.50
     P. WOODFORD                                                   e.     I am: Registered California Process Server:
     16700 VALLEY VIEW AVENUE, STE 440                                   (ii) Registration No.: 2012-0001257
     LA MIRADA, CA 90638                                                 (iii) County: SAN FRANCISCO
     (800)225-5337

8.   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


     Date     November 2, 2015                                   Signature _____

---

Form Adopted for Mandatory Use
Judicial Council of California POS-010 [REV. JANUARY 1, 2007]                    PROOF OF SERVICE OF SUMMONS

20151102

LAW OFFICES OF PATENAUDE & FELIX, A.P.C.

Michael R. Boulanger, Esq. (#226294)/ Michael Kahn (#236898)

Stephanie J. Boone, Esq. (#160182)/ Jeffrey W. Speights (#265206)

4545 Murphy Canyon Road, 3rd Floor

San Diego, CA 92123

Telephone No.: (858)244-7600

ATTORNEY FOR:   PLAINTIFF

| DECLARATION | SUPERIOR COURT COUNTY OF CONTRA COSTA, MARTINEZ COURTHOUSE |
|---|---|
| RE DILIGENCE | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, a Delaware Statutory Trust(s)  V  CAROLYNN SWANSON |

CASE NO.: L15-03043

FILE NO.: 15-20201

On 10/08/2015, I received the following documents:

SUMMONS AND COMPLAINT, EXHIBIT A, DECLARATION RE VENUE, CIVIL CASE COVER SHEET, CASE MANAGEMENT STATEMENT, ALTERNATIVE DISPUTE RESOLUTION NOTICE AND INFORMATION PACKAGE, CASE QUESTIONNAIRE,

For service on                                CAROLYNN SWANSON

I am and was on the dates herein mentioned, over the age of eighteen years and not a party to the action. After due search, careful inquiry and diligent attempts at the dwelling house or usual place of abode and/ or usual place of mailing. I have been unable to make personal service of aforementioned documents (Pursuant to CCP 415.20).

| Date | Time | Address | | Comment |
|---|---|---|---|---|
| 10/11/15 | 09:35 AM | 115 SAN TOMAS DR | | NO RESPONSE |
| | | PITTSBURG | CA 94565 | |
| 10/12/15 | 01:57 PM | 115 SAN TOMAS DR | | NO RESPONSE |
| | | PITTSBURG | CA 94565 | |
| 10/17/15 | 08:17 PM | 115 SAN TOMAS DR | | NO RESPONSE |
| | | PITTSBURG | CA 94565 | |
| 10/22/15 | 12:50 PM | 115 SAN TOMAS DR | | PERSON AT PLACE WHERE SUBJECT RECEIVES MAIL |
| | | PITTSBURG | CA 94565 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date    November 2, 2015                                    Signature: _____

P. WOODFORD

DECLARATION OF DUE DILIGENCE

20151102

| PLAINTIFF/PETITIONER: | NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, A DELAWARE STATUTORY TRUST(S) | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | CAROLYNN SWANSON | L15-03043 |

## PROOF OF SERVICE

X Mail          ☐ Personal Service

1. At the time of service I was at least 18 years of age and not a party to this action.

2. My residence or business is *(specify)*:  (BUSINESS) 16700 Valley View Ave., Suite 440
   La Mirada, CA 90638
   (800) 225-5337

3. I mailed or personally delivered a copy of the *SUMMONS AND COMPLAINT; EXHIBIT A; DECLARATION RE VENUE; CIVIL CASE COVER SHEET; CASE MANAGEMENT STATEMENT; ALTERNATIVE DISPUTE RESOLUTION NOTICE AND INFORMATION PACKAGE; CASE QUESTIONNAIRE*
   as follows *(complete either a or b)*:

   a. X   **Mail.** I am a resident of or employed in the county where the mailing occurred.
      (1) I enclosed a copy in an envelope, to be sent by FIRST CLASS MAIL, AND

      (a) ☐   **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.

      (b) X   **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with the business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with First-class, postage prepaid.

      (2) The envelope was addressed and mailed as follows:
         (a)  Name of person served:   CAROLYNN SWANSON

         (b)  Address on envelope:          115 SAN TOMAS DR
                                                          PITTSBURG, CA 94565

         (c)  Date mailed:     10/23/2015
         (d)  Place of mailing *(city and state)*:  La Mirada, CA 90638

   b. ☐   **Personal delivery** I personally delivered a copy as follows:

      (1) Name of person served:
      (2) Address when delivered:

      (3) Date delivered:
      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:  11/03/2015

_____          _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF DECLARANT)

| Form Adopted for Mandatory Use | PROOF OF SERVICE OF SUMMONS | Code of Civil Procedure, 417.10 |
|---|---|---|
| Judicial Council of California | | *www.accesslaw.com* |
| POS-010 [Rev. January 1, 2007] | File By Fax | |

Client:      Patenaude & Felix
Prep By:
Control No.:
File No.:      15-20201
Case No.:     L15-03043

| Service Report |
| SOP # 1510083726 |

Hearing Date:

Case Title:  NATIONAL COLLEGIATE STUDENT LOAN TRUST 2007-2, a Delaware Statutory Trust(s)   V   CAROLYNN SWANSON

Name:     CAROLYNN SWANSON
Address:  115 SAN TOMAS DR
          PITTSBURG, CA  94565

Documents:      SUMMONS AND COMPLAINT, EXHIBIT A, DECLARATION RE VENUE, CIVIL CASE COVER SHEET, CASE MANAGEMENT STATEMENT, ALTERNATIVE DISPUTE RESOLUTION NOTICE AND INFORMATION PACKAGE, CASE QUESTIONNAIRE,

Court:      SUPERIOR COURT COUNTY OF CONTRA COSTA, MARTINEZ COURTHOUSE

Description:

   MALE    46 YRS    BLACK HAIR    170 LBS    5'10" BROWN EYES AMER/INDIAN

| | Report | |

Type: Sub-serve
Person Sub Served:  "JOHN DOE"- OCCUPANT
Date: 10/22/15
Time: 12:50 PM
Mailing Date:  10/23/2015
Remarks:

Fee for Service: $ 67.50

20151102